# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1941V
### UNPUBLISHED

| | |
|---|---|
| JANICE GUNTER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 15, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

  On December 13, 2017, Janice Gunter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries including a "Shoulder Injury Related to Vaccine Administration (SIRVA), resulting from adverse effects of an influenza ("flu") vaccination she received on November 16, 2016." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 7, 2019, Respondent filed his Rule 4(c) report recommending that entitlement to compensation in this case be denied. Respondent Rule 4(c) Report.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(ECF No. 34).  Respondent asserted that Petitioner had not demonstrated that her injury fulfilled the SIRVA Table criteria.  *Id.* at 7.  Specifically, Respondent found that there was not "preponderant evidence that the onset of Petitioner's left shoulder pain occurred within forty-eight hours of vaccination."  *Id.*  On October 10, 2019, Petitioner filed Exhibit 12, which included posts from Petitioner's Facebook account, dated November 16, 2016, and December 19, 2016, respectively, to address the issue of onset raised in Respondent's Rule 4(c) Report.  ECF No. 36-1.  During a status conference, Respondent's counsel conveyed that the new evidence did not change Respondent's Rule 4 position.

      Following the status conference, Petitioner was ordered to file a motion for a ruling on entitlement.  ECF No. 37.  In her November 29, 2019 motion, Petitioner argued that her injury qualifies as a Table injury as she meets all the specified criteria: the onset of her injury occurred within 48 hours of receiving her flu shot, she had no previous pain in her shoulder, she had pain and reduced range of motion in the shoulder where the vaccine was administered, and nothing else explains her symptoms."  ECF No. 38 at 6-7.  Regarding onset of her injury, Petitioner asserts that she "posted a picture of her shoulder on the evening of vaccination showing a band-aid place (sic) very high up on her arm.  She indicated that her arm was hurting and asked for prayer for the pain to go away the next day. Ex. 12 at 1.  She also filed a affidavit (sic), sworn under the penalty of perjury, that her pain was immediate. Ex. 6 at 1."  *Id.* at 7.  Petitioner contends that "[h]er affidavit and Facebook posts are entirely consistent with her medical records which indicated that her pain began when she received her November 16, 2016, flu vaccination.  Each physician and physical therapist who evaluated petitioner indicated that the onset of her pain was associated with her flu vaccination."  *Id.*  Petitioner further noted that "[o]n December 16, 2016, petitioner's home nurse noted 'Pt reports that she *instantly* had pain . . . . and on December 19, 2019, [Petitioner's physician] noted, '*immediately* starting hurting (sic) at her flu shot.'"  *Id.* (emphasis added by Petitioner) (citations omitted).

      On December 3, 2019, I issued a non-PDF scheduling order, ordering Respondent to file a response to Petitioner's motion by January 2, 2020.  Respondent requested an extension of time to respond to Petitioner's motion, which was granted.  ECF No. 39.  On January 14, 2020, Respondent's counsel e-mailed Petitioner's counsel and the OSM staff attorney managing this case, to inform Petitioner and the court that Respondent does not intend to oppose Petitioner's motion for a ruling on entitlement.  *See* Informal Communication (Remark) from Respondent's counsel dated January 15, 2020.

      **In view of Respondent's position not to oppose Petitioner's motion, and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master